**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rey David Aguirre, | No. CV-15-00258-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Rey David Aguirre's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1). Respondents filed a Limited Answer to the Petition (Doc. 15) and Petitioner filed a Response to the Limited Answer (Doc. 16). The Court will deny the Petition and dismiss this action with prejudice.

**I.     Background**

Petitioner was convicted in the Pima County Superior Court following a 2013 jury trial of one count of conspiracy, one count of illegally conducting an enterprise, one count of transporting more than two pounds of marijuana for sale, two counts of transporting less than two pounds of marijuana for sale, two counts of money laundering, and thirty-three counts of use of a wire or electronic communication in drug-related transactions. (Doc. 1 at 1-2[1]; Doc. 15 at 2; Doc. 15-1 at 25-33, 36-56; Doc. 16 at 5-6.[2])

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

[2] The Petition (Doc. 1 at 2) mistakenly listed 35 counts of use of a wire or electronic communication in drug-related transactions; Petitioner filed a notice of errata

Petitioner was sentenced on these counts to consecutive and concurrent terms totaling 10.5 years in state custody followed by 7 years of probation. (Doc. 1 at 2; Doc. 15-1 at 36-57, 68; Doc. 15-2 at 5; Doc. 15-5 at 28.)

Petitioner's appellate counsel filed a brief with the Arizona Court of Appeals in compliance with *Anders v. California*, 386 U.S. 738 (1967), averring that, having reviewed the record, he found no arguable question of law. (*See* Doc. 15-1 at 84.) Petitioner was granted additional time to file a supplemental brief pro se, but he never filed one. (Doc. 15-2 at 2, 5.) In a memorandum decision affirming Petitioner's convictions and sentences, the Arizona Court of Appeals stated that it reviewed the record and "found no reversible error and no arguable issue warranting further appellate review." (*Id.* at 6.) Petitioner did not file a motion for reconsideration or petition for review of the Court of Appeals' memorandum decision. (Doc. 15-2 at 8.)

Petitioner subsequently filed a Rule 32 Petition for Post-Conviction Relief alleging only ineffective assistance of his trial counsel. (*See* Doc. 15-3 at 2-21.) The Rule 32 Petition alleged that trial counsel was ineffective when he (1) filed a motion to withdraw about 20 days before trial, cited no basis for the motion, and permitted the hearing on the motion to be held off the record (*id.* at 10); (2) entered into prejudicial stipulations on behalf of Defendant with no record of Defendant's consent to enter into such stipulations (*id.* at 13); and (3) entered into stipulations detrimental to the Defendant without any apparent benefit (*id.* at 15). The Pima County Superior Court determined, without holding an evidentiary hearing, that Petitioner had "failed to state a colorable claim for post-conviction relief." (Doc. 15-5 at 6.) The Arizona Court of Appeals granted review but denied relief, finding that Petitioner had failed to establish deficient performance and prejudice. (*Id.* at 28-31.) Petitioner failed to timely file a motion for reconsideration or a petition for review of the Court of Appeals' decision. (*See id.* at 33.)

**II.  The Petition**

In his § 2254 Petition, Petitioner raises four grounds for relief: (1) Petitioner was

---

in his Response to the Limited Answer (Doc. 16 at 5-6).

- 2 -

indicted under false pretenses; (2) the state's witness gave hearsay testimony at Petitioner's trial; (3) prosecutorial misconduct; and (4) the presiding judge at Petitioner's trial lacked jurisdiction. (Doc. 1 at 6-9.) Petitioner indicates that he did not present any of these grounds to the Arizona Court of Appeals, with the explanation that only ineffective assistance of counsel was raised. (*Id.*) In the section of the Petition entitled "Timeliness of Petition" Petitioner provides a prayer for relief; he does not address the timeliness of his Petition. (*Id.* at 11.)

In support of Ground One, Petitioner alleges that the evidence presented to the grand jury was "taken from another file" as to one count of his indictment. (*Id.* at 6.) As to another count, Petitioner claims that no evidence was presented to the grand jury to support an indictment. (*Id.*) Additionally, Petitioner calls into question the factual foundation of various counts of his indictment based on when certain information was made part of Petitioner's file relative to when his indictment issued. (*Id.*) In essence, Petitioner seems to be claiming that his indictment was issued without the requisite level of proof. Exhibits One through Four (*id.* at 12-19) to the Petition are records and record requests that purportedly support Petitioner's claim that there was insufficient evidence presented or available to be presented to the grand jury at the time of his indictment.

Ground Two alleges violations of "federal and state rules of 'hearsay'" by a state's witness when, in anticipation of sworn testimony at trial, that witness "very frequently read [] text messages and listened to [] phone recordings." (*Id.* at 7.) Additionally, Petitioner claims that the "state witness violated his oath of office when presenting 'hearsay' testimony. . . ." (*Id.*)

In support of the prosecutorial misconduct allegation raised in Ground Three, Petitioner states that the "prosecutor engaged in conduct she knew to be dishonest, fraudulent, and deceitful" and that the "improper conduct permeated the entire atmosphere of the trial." (*Id.* at 8.) Specifically, Petitioner claims that the prosecutor wrongly "vouched for the credibility of State and Federal witnesses." (*Id.*) Petitioner claims that, as a result, his Sixth and Fourteenth Amendment rights were violated. In

support of this claim, he attaches a transcript, presumably of testimony given in relation to his criminal trial. (*Id.* at 22-23.)

In Ground Four, Petitioner alleges that the Pima County Superior Court judge lacked "jurisdiction" to preside over his case because "he had not taken a timely oath of office" in violation of Article 6, Section 3 of the United States Constitution and A.R.S. §§ 38-231, 38-232, 38-361, and 38-291(a). (*Id.* at 9.) Petitioner states that "[t]he Judge in [Petitioner's criminal case] did usurp into the office he occupied unlawfully." (*Id.*) Exhibit Six is a list of the filing dates of oaths of office for some Pima County Superior Court judges. (*Id.* at 24.) The Honorable Christopher Browning presided over Petitioner's trial (*see* Doc. 15-1 at 20), and according to Exhibit 6, his oath of office was filed on September 22, 1998. (Doc. 1 at 24.)

Respondents filed a Limited Answer to the petition addressing only affirmative defenses. (Doc. 15.) Respondents argue that all four grounds of the petition are "procedurally defaulted because [Petitioner] failed to properly exhaust them in the Arizona Court of Appeals." (*Id.* at 4; *see also id*. at 8-11.) Respondents argue that a return to state court to attempt to exhaust the claims would be futile in light of state procedural rules, and that Petitioner has failed to show cause and prejudice or actual innocence to excuse his failure to exhaust. (*Id.* at 8-11.) Respondents also argue that two of Petitioner's claims are not cognizable in federal habeas proceedings. (*Id.* at 8-10.)

Petitioner filed a Response to the Limited Answer. (Doc. 16.) As to each ground, Petitioner re-alleges the factual and legal bases for his claims. (*Id.* at 2-5.) Petitioner also argues that he has exhausted his claims based on a filing with, and subsequent order issued by, the Arizona Supreme Court. (*Id.* at 2.) Petitioner attached as exhibits to his Response the referenced filing and order. (*See* Doc. 16-1, 16-2.) The filing, which is titled "Motion to Request Investigation into Prosecutor Misconduct[,]" lists the Arizona Supreme Court as a Defendant, and appears to be addressed to the Department of Justice in Washington, D.C. (*See* Doc. 16-2.) A stamp indicates the filing was received by the Clerk of the Supreme Court on October 31, 2014. (*Id.* at 2.) In the document, Petitioner

explains that his Rule 32 petition did not include prosecutorial misconduct as a basis for relief. (*Id.*) He argues that his constitutional rights, as guaranteed by Amendments 4, 5, 6, and 14 to the United States Constitution, were violated when "[t]he Pima County Prosecutor knowingly submitted false evidence against the p[e]titioner and committed p[e]rjury." (*Id.* at 3.) In addition to his allegations of prosecutorial misconduct, Petitioner asks the Department of Justice "to conduct an investigation" regarding the allegations so that Petitioner can incorporate any findings into his Rule 32 petition. (*Id.* at 3-4.) The Arizona Supreme Court issued an order dismissing this motion. (Doc. 16-1 at 2.) In the order, the Supreme Court noted that Petitioner's Rule 32 proceedings were still pending, and the Court explained the proper procedure for seeking review in the Arizona Court of Appeals and the Arizona Supreme Court of an adverse superior court ruling. (*Id.*)

### III. Applicable Law

A writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted with respect to any claim adjudicated on the merits in state court proceedings unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is generally limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts in a procedurally appropriate manner. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Picard*, 404 U.S. at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* at 276. "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

In cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court was presented with the claim but declined to address it on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not

presented to the state court and it is clear the state court would now find the claim procedurally barred. *Id.* at 1230-31.

Procedural default may be excused if the petitioner can "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "To qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## IV. Discussion

All four of the grounds for relief Petitioner presented in his Petition are procedurally defaulted and Petitioner has not shown cause and prejudice or a miscarriage of justice to excuse the procedural default. Accordingly, the § 2254 Petition will be denied and this action will be dismissed with prejudice.

### A. Grounds One, Two, and Four

Petitioner never raised any issues regarding the foundation for his indictment, hearsay testimony at trial, or the state criminal court's lack of jurisdiction in his appeal, his Rule 32 petition, or in any other proceeding in state court. Thus, Petitioner did not fairly present Grounds One, Two, and Four in state court. A return to state court to exhaust the claims would be futile because the state court would now find the claims procedurally barred. *See* Ariz. R. Crim. P. 32.2. Accordingly, the claims are procedurally defaulted. Petitioner has not alleged any facts that would support a finding of cause and prejudice or a miscarriage of justice to excuse the procedural default. These grounds will be denied.

### B. Ground Three

Although Petitioner raised the issue of prosecutorial misconduct in the October 31,

2014 filing with the Arizona Supreme Court (*see* Doc. 16-2), this was not a procedurally appropriate means of presenting the claim to a state court, and the Arizona Supreme Court dismissed it as such (Doc. 16-1). Put differently, the October 31, 2014 filing did not give the Arizona Supreme Court, nor any other state court, the opportunity to address the merits of Petitioner's prosecutorial misconduct claim. Prosecutorial misconduct was not presented in Petitioner's appeal or in his Rule 32 petition. Thus, Ground Three was not fairly presented in state court. A return to state court to exhaust the claim would be futile because the state court would now find the claim procedurally barred. *See* Ariz. R. Crim. P. 32.2. Accordingly, Ground Three is procedurally defaulted. Petitioner has not alleged any facts to support a finding of cause and prejudice or a miscarriage of justice to excuse the procedural default. This ground will be denied.

Accordingly,

**IT IS ORDERED** Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **denied**, and this action is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 20th day of March, 2018.

_____
Honorable Rosemary Márquez
United States District Judge